IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-292-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KURT MICHAEL KROL, | ) | |
| | ) | |
| Defendant. | ) | |

The forfeiture proceeding in this case comes before the court on the motion by petitioners, Regina Krol and Universal Mania, Inc.,[1] motion (D.E. 100) seeking to seal a proposed sealed document (D.E. 99) due to the document containing financial information about petitioners and non-parties. The motion was not accompanied by a memorandum, as required by Local Criminal Rule 55.2, E.D.N.C. and Section V.G.1.(a) of the court's CM/ECF Administrative Policies and Procedures Manual ("CM/ECF Policy Manual"). While the motion includes citation to two cases[2] in which sealing of financial information was permitted, the motion itself does not otherwise make clear why redaction of sensitive information or sealing of only certain exhibits would not be a sufficient alternative to sealing. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); CM/ECF Policy Manual V.G.1.(a)(iv).

Petitioners' motion is accordingly DENIED WITHOUT PREJUDICE. Petitioners shall file any renewed motion to seal and the requisite supporting memorandum no later than 9 October

---

[1] Petitioners list Sims Enterprises, Inc. and Singh Harpett Enterprises, Inc. as fellow petitioners. However, neither is a party to the forfeiture proceeding.

[2] Petitioners cite to *York v. CBS Corp.*, No. 2:12-CV77-FL, 2013 WL 3984053 (E.D.N.C. 1 Aug. 2013) and *E.E.O.C. v. New Hanover Reg'l Med. Ctr.*, No. 7:09-CV-85, 2012 WL 4321626 (E.D.N.C. 20 Sept. 2012). Both cases are different from the current one in that the parties were seeking to seal exhibits or specific evidentiary documents, not pleadings or motions. *York*, 2013 WL 3984053, at * 7; *New Hanover*, 2012 WL 4321626, at * 1-3.

2017. The government shall file a memorandum in response to any renewed motion within seven days after the motion is filed. The Clerk is DIRECTED to maintain Docket Entry 99 under temporary seal until the court enters a ruling on any renewed motion to seal. However, if a renewed motion to seal and memorandum are not timely filed, Docket Entry 99 shall be unsealed without further order of the court.

SO ORDERED, this 2nd day of October 2017.

James E. Gates
United States Magistrate Judge