IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-292-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KURT MICHAEL KROL, | ) | |
| | ) | |
| Defendant. | ) | |

This proceeding comes before the court on the motion (D.E. 104) by petitioners to seal their response (D.E. 99) to the answer of Branch Bank & Trust ("BB&T") to the writ of garnishment ("response") and the six attached exhibits (D.E. 99-1 to 99-6). The government does not oppose the motion. The documents have been under provisional seal pending further action by the court. For the reasons set forth below, the motion will be allowed in part and denied in part.

## DISCUSSION

Garnishment and other collection proceedings are civil in nature and may be filed within an underlying criminal case. *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007); *United States v. Timilty*, 148 F.3d 1, 3 (1st Cir. 1998). The Fourth Circuit has directed that before sealing publicly filed documents in a civil or criminal case the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988).

"In order for a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d at 290 (citing *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989)). Documents are judicial records "if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.* (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002)).

Here, the documents petitioners seek to have sealed are judicial records. Such documents are "properly . . . before the court in the course of an adjudicatory proceeding" and are relevant to the adjudication regarding the writ of garnishment issued to BB&T. *In re Providence Journal Co.*, 293 F.3d at 9. Thus, at minimum, the common law right of access attaches to these documents.

The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the response and exhibits sought to be maintained under seal were filed in a post-judgment garnishment proceeding and do not seek dispositive relief. Therefore, the right of access at issue arises under only the common law. *See Va. Dep't of State Police*, 386 F.3d at 575 (noting that the Fourth Circuit has "never held that the public has a First Amendment right of access" to the non-dispositive civil motion process); *Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter

left to the discretion of the district court. *Va. Dep't of State Police*, 386 F.3d at 575. The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Moreover, before a court may seal a hearing or document, "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing . . . , and (3) provide specific reasons and factual findings supporting its decision." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288. 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.2d at 235-36); *see also In re Washington Post Co.*, 807 F.2d 383, 390-91 (4th Cir. 1986).

Here, the court agrees that petitioners have a significant countervailing interest in sealing petitioner's response, as well as Exhibits 2 through 6 attached thereto. However, there is not a significant countervailing interest in support of sealing Exhibit 1. Exhibit 1 consists of two pages entitled "Corporate Resolution of Universal Mania Inc." ("corporate resolution"). *See* Corporate Resolution (copy attached). The document itself indicates that it was filed with the Cumberland County, North Carolina register of deeds on 19 May 2017. *Id.* As such, it is a public record and not subject to sealing.

Regarding the response and Exhibits 2 through 6, the court agrees that these documents contain sensitive financial and business information, including that of a non-party. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589 (1978) (concluding a court may seal "sources of business information that might harm a litigant's competitive standing"); *Trapp v. Suntrust Bank*, 2016 WL 6833986, at *3-4 (M.D.N.C. 18 Nov. 2016) (sealing documents containing confidential business information); *Capitol Comm'n, Inc. v. Capitol Ministries*, No. 5:11-CV-214-BO, 2013 WL 5369421, at *1-2 (E.D.N.C. 24 Sept. 2013) (sealing documents containing financial information not generally available to the public). Additionally, release of the information would not enhance the public's understanding of an historical event or hinder its understanding of these proceedings, and the public does not already have access to these documents. Thus, the court finds that the common law right to access has been overcome. The court also finds that these documents cannot be redacted in any meaningful manner.

In addition, interested parties were given a reasonable opportunity to object. The renewed motion to seal was filed on 9 October 2017, and no opposition to them has been filed by any party or non-party.

IT IS THEREFORE ORDERED that defendant's renewed motion (D.E. 104) to seal is ALLOWED IN PART and DENIED IN PART as follows:

1. Petitioner's response (D.E. 99) and Exhibits 2 through 6 (D.E. 99-2 to 99-6) shall remain SEALED until further order of the court.

2. Exhibit 1 (D.E. 99-1) shall be UNSEALED.

SO ORDERED, this 26th day of October 2017.

James E. Gates
United States Magistrate Judge