IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-292-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KURT MICHAEL KROL, ) | |
| ) | |
| Defendant. ) | |

This post-judgment proceeding comes before the court on petitioners' motion (D.E. 97) to quash three writs of garnishment directed, respectively, to Branch Bank & Trust ("BB&T") (D.E. 80), Universal Mania, Inc. ("Universal") (D.E. 81), and USAA Federal Savings Bank ("USAA") (D.E. 82). The government responded in opposition. D.E. 98. Subsequently, petitioners filed a supplemental memorandum (D.E. 105) in support of their motion to quash. The government requested and was allowed to respond (D.E. 113) to the supplemental memorandum. Petitioners requested and were allowed to file a reply. D.E. 115. Additionally, at the 7 November 2017 status conference, the parties presented argument on their respective stances on petitioners' motion and petitioners submitted additional materials in support of it. *See* 7 Nov. 2017 Minute Entry (D.E. 117). For the reasons set forth below, the motion will be denied.

## BACKGROUND

On 15 December 2015, defendant Kurt Michael Krol ("defendant") pleaded guilty, pursuant to a plea agreement, to one count of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1). 15 Dec. 2017 Minute Entry (D.E. 7). On 3 May 2017, a criminal judgment was entered against defendant with a directive that defendant pay restitution in the amount of

$4,214,371.08 ("restitution order"). J. (D.E. 55) 7. The court further ordered with respect to restitution as follows:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $100 per month to begin 60 days after the defendant's release from prison. At the time of defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

J. 8.

On 12 July 2017, in an effort to collect on the restitution order, the government filed four applications for writ of garnishment as to BB&T (D.E. 63), JP Morgan Chase Bank NA (D.E. 64), Universal (D.E. 65), and USAA (D.E. 66), respectively. On 28 July 2017, the writ of garnishment was issued as to JP Morgan Chase Bank NA.[1] D.E. 74. On 8 August 2017, the remaining three writs were issued. D.E. 80, 81, 82. USAA filed an answer to the writ it was issued asserting that defendant maintained an interest in one account. USAA's Answer (D.E. 94) 2. BB&T filed an answer stating that defendant maintained interests in multiple accounts, as more fully discussed below. BB&T's Am. Answer (D.E. 106) 3. Universal answered that defendant did not maintain an "ownership interest in any property in [its] possession, custody or control" and that it was not indebted or under any liability to defendant. Universal's Answer (D.E. 93) 1.

Petitioners seek to quash the writs of garnishment as to USAA, BB&T, and Universal on the following bases: (1) the property the government is seeking to garnish is not the property of defendant ("Objection One"); (2) the writs of garnishment are procedurally defective ("Objection

---

[1] Petitioners do not seek to quash this writ of garnishment.

Two"); (3) the writs should not apply to property covered by the Claim for Exemptions Form attached to each writ (D.E. 80-1, 81-1, 82-1) ("Objection Three"); (4) defendant's outstanding debt is significantly overstated ("Objection Four"); (5) to the extent that property is joint property of defendant and either Regina Krol[2] or Universal, defendant is not the "equitable owner" of such property ("Objection Five"); and (6) the language of the payment schedule in the criminal judgment controls and the government cannot collect money outside of that schedule ("Objection Six").

Petitioners also make the following requests: (1) that the court impose a payment plan regarding defendant's remaining debt; (2) that the court prohibit the government from collecting the remainder of the debt in a manner that harms or embarrasses innocent individuals; (3) that the court enter any order which justice requires to protect petitioners and other innocent parties from undue hardship, burden, or expense; and (4) that the court hold a hearing on this matter.

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

The Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, provides several post-judgment remedies to collect on a debt, one of which is a writ of garnishment, 28 U.S.C. § 3205. The government may use a writ of garnishment to collect on a restitution judgment. *See United States v. Idema*, 118 F. App'x 740, 744 n.5 (4th Cir. 2005) (affirming district court's holding that the government may utilize a writ of garnishment to collect on a restitution judgment). The FDCPA allows a writ of garnishment to be entered

> against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control

---

[2] Regina Krol is defendant's wife. The protections provided real property held by the entirety under North Carolina law do not extend to personal property. *See, e.g., Bowling v. Bowling*, 243 N.C. 515, 518, 91 S.E.2d 176, 180 (1956) ("[A]n estate by the entirety in personal property is not recognized in North Carolina."); *Plasman v. Decca Furniture (USA), Inc.*, __ N.C. App. __, 800 S.E. 2d 761, 776 (201').

3

of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located.

28 U.S.C. § 3205(a).

The court has discretion in managing garnishment proceedings and may "on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure . . . ." 28 U.S.C. § 3013.

## II. OBJECTIONS ONE AND FIVE

In both Objections One and Five, petitioners contend that the government is trying to garnish property that is not owned by defendant.[3] However, as of the time the writs of garnishment were served, USAA asserted that defendant maintained an interest in a joint bank account with Regina Krol (USAA's Answer 2) and BB&T asserted that he maintained an interest in five accounts as follows: (1) joint owner of two accounts with Claudia Stephens; (2) joint owner of an account with Regina Krol; (3) "sole signer" on an account for Singh Harpreet Enterprises, Inc.; and (4) "president" on an account for Sim's Enterprises, Inc. (BB&T's Am. Answer 3).

As to defendant's joint accounts with Claudia Stephens and Regina Krol, under North Carolina law "a presumption exists . . . that all funds in a joint bank account belong to the debtor." *In re Anderson*, Bankr. No. 03-13586C-7G, Adversary No. 04-2070, 2006 WL 995856, at *5 (M.D.N.C. 13 Feb. 2006) (citing *Jimenez v. Brown*, 131 N.C. App. 818, 825, 509 S.E.2d 241, 246 (1998) ("As a joint account, either party may terminate the account or withdraw all funds from the account. . . . '[T]here is a presumption that all of the joint bank account is owned by the debtor . .

---

[3] Neither the government nor petitioners contest Universal's answer that defendant does not have an interest subject to the writ of garnishment that is in the possession, custody, or control of Universal.

4

.' and that the depositors have the burden to prove that ownership of the funds is otherwise." (citation omitted))). Petitioners have presented no evidence to rebut the presumption as to any of the joint accounts.

Moreover, regarding the joint accounts with Claudia Stephens, petitioners baldly state these are her personal accounts and that defendant does not have "equitable ownership of these funds." Pet'rs' Resp. to BB&T's Am. Answer (D.E. 116) 2-3. This argument alone does not establish that defendant has no interest in the funds deposited in these accounts.

As to the accounts for Singh Harpreet Enterprises, Inc. and Sim's Enterprises, Inc., petitioners state that defendant is "no longer" president of Sims Enterprises (Pet'rs' Resp. to BB&T's Am. Answer (D.E. 116) 1) and "no longer" signatory on the Singh Harpreet Enterprises, Inc. account (Pet'rs' Resp. to BB&T's Am. Answer 2). However, it is unclear on what date these actions occurred. If such changes occurred after the writ of garnishment was served, these funds are still subject to garnishment. *See* 38 C.J.A. Garnishment § 226 (noting that a lien created by the garnishment "attaches to property and claims of defendant of garnishable character in the garnishee's possession or owed by the garnishee at the time of the service of the writ"); *see also* 26 C.F.R. § 301.6332-3(c)(3) ("A levy on deposits held by a bank applies to those funds on deposit at the time the levy is made, up to the amount of the levy, and is effective as of the time the levy is made.")

Accordingly, petitioners have failed to demonstrate that defendant does not maintain an interest in the above accounts.

## III. OBJECTION TWO

In Objection Two, petitioners contend that the writs of garnishment are procedurally defective. Specifically, they contend that the writs (1) do not include the amount of costs and interest due and (2) were issued by the clerk instead of the "court," as required.

A writ of garnishment must state "[t]he nature and amount of the debt, and *any* cost or interest owed with respect to the debt." 28 U.S.C. § 3205(c)(2)(A) (emphasis added). Here, the government maintains that no cost or interest had accrued as of the date the writs were issued. Petitioners do not contest this assertion, nor have they presented evidence to the contrary.

The statute is reasonably read as requiring that a writ state costs and interests if they are owed. If neither is owed, there is nothing to state. Accordingly, the writs of garnishment issued were not required to state nonexistent costs or interest.

The argument that the court and not the clerk must issue a writ of garnishment is also without merit. *See United States v. Hammons*, 106 F.3d 402 (table), 1996 WL 742300, at *2-3 (6th Cir. 1996) (finding that "[h]ad congress intended for judges to be the only court personnel able to issue a writ of garnishment, it certainly would have defined 'court' differently or used the word 'judge'" and that "the purpose of the requirement that a writ of garnishment issue from the court is not undermined by having the court's clerk review and issue the writ"); *United States v. Woods*, 2009 WL 8755601, at *4 (E.D.N.C. 23 Oct. 2009) (finding the argument that the clerk lacked authority to issues writs of garnishment was without merit).

Accordingly, the writs of garnishment are not procedurally defective as alleged.

6

## IV. OBJECTION THREE

In Objection Three, petitioners argue that the writs of garnishment should not apply to property that is subject to the "Claim for Exemptions" form attached to the writs of garnishment.[4] In their motion, petitioners state that they "will detail the applicable statutory exemptions in their forthcoming objections to the Answers filed by BB&T and USAA." Mot. 9. However, they failed to do so.

Moreover, such exemptions are available to only defendant and not petitioners. *See* 18 U.S.C. § 3613(a) (providing that with specified exceptions "a judgment imposing a fine may be enforced against all property or rights to property *of the person fined*" (emphasis added)). Consistent with this principle, the Claim for Exemptions is directed to the defendant.

Petitioners have failed to pursue this argument in detail in later filings, and by statute, they lack standing to pursue exemptions. Accordingly, the court rejects this challenge to the writs of garnishment.

## V. OBJECTION FOUR

In Objection Four, petitioners also contend that the amount of outstanding debt is significantly overstated and that they are entitled to discovery pertaining to the amount and the opportunity to challenge the amount of restitution ordered.

"The standing doctrine protects final [criminal] judgments from third-party collateral attacks." *McClure v. Ashcroft*, 335 F.3d 404, 412 (5th Cir. 2003). Even victims benefitting from a restitution order lack standing to challenge a criminal judgment. *See e.g.*, *United States v. Mindel*, 80 F.3d 394, 411-12 (9th Cir. 1996) (finding that a victim benefiting from a restitution

---

[4] The "Claim for Exemptions" is a form served with each writ of garnishment that allows a defendant to assert that property sought by the writ is exempt from being taken. *See* 18 U.S.C. § 3613 (allowing certain property to be exempted from collection to satisfy a judgment).

7

order has no standing to challenge the criminal judgment and request modification rescinding the restitution order); *United States v. Johnson*, 983 F.2d 216, 218-21 (11th Cir. 1993) (holding that a victim benefiting from a restitution order did not have standing to challenge the court's revocation of a restitution order). Thus, here, petitioners, as third parties to the criminal proceeding, do not have standing to challenge the restitution order.

## VI.   OBJECTION SIX

Lastly, in Objection Six, petitioners argue that the payment schedule regarding restitution in the criminal judgment controls and thus the government cannot go outside of that schedule to collect funds. As stated above, petitioners lack standing to contest the criminal judgment containing the restitution order. However, petitioners' argument also fails on the merits.

As noted above, the restitution order specifically states, "*Payment of restitution shall be due and payable in full immediately.* However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). . . ." J. 8 (emphasis added); *see also* J. 10 ¶¶ A, F (providing that payment of the restitution amount and special assessment of $100 are "due immediately" (¶ A) and "due in full immediately" (¶ F)). This clearly indicates the court's intention that defendant pay restitution immediately with the funds available to him and that upon exhaustion of those funds, defendant would then pay according to the payment plan.

This court has recently dealt with the same issue in another case and explained that an argument like petitioners' lacks merit as follows:

> Defendant's argument that payments are due only in installments while he is imprisoned is unavailing where the court ordered upon judgment, 'payment of restitution shall be due and payable in full immediately.' (DE-35, 6). 'The fact that the Court allowed any remaining balance owed to be paid over time . . . through installments . . . does not preclude the government from immediately collecting restitution from non-exempt assets.' United States v. Blondeau, No. 5:09-CR-117-

8

H, 2011 WL 6000049, at *4 (E.D.N.C. Nov. 1, 2011), adopted by 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011).

18 Mar. 2016 Order (D.E. 60) 2, *United States v. Doerrer*, No. 7:14-CR-13-FL (E.D.N.C.) (alterations in original). Moreover, other courts have determined that an installment plan regarding payment of restitution does not preclude the government from immediately collecting restitution from nonexempt assets. *See e.g.*, *United States v. Wykoff*, 839 F.3d 581, 582 (7th Cir. 2016) (rejecting defendants argument that the court instituted payment plan should take precedent over the writ of garnishment stating, "[A]t the start of incarceration 'any existing assets should be seized promptly. If the restitution debt exceeds a felon's wealth, then the Mandatory Victim Restitution Act of 1996, 18 U.S.C. §§ 3663A, 3664, demands that this wealth be handed over immediately.'" (quoting *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008))); *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) ("[T]he payment schedule set forth in the judgment did not preclude the instant garnishment, because the judgment specified that the amount owed was due in full on the date of judgment; and notably the judgment imposed the obligation to make installment payments without limiting the government's ability to institute civil collections proceedings." (citations omitted)); *United States v. Otter*, No. 2:09cr25, 2011 WL 1843191, at *1 (W.D.N.C. 16 May 2011) ("The existence of [a payment] schedule, however, 'does not mean that the Government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment.'" (quoting *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004))).

Accordingly, petitioners' final objection lacks merit.

## VII. PETITIONERS' REQUESTS

As addressed above, along with their objections to the writs of garnishment, petitioners also make four requests.

First, petitioners request that the court impose a payment plan regarding defendant's remaining debt. Such a request appears moot, since the judgment already contains a payment schedule. To the extent petitioners are requesting the court to amend the payment schedule in the criminal judgment, as already discussed, petitioners lack standing to collaterally attack the judgment.

Moreover, "[a] sentence that imposes an order of restitution is a final judgment" that may be amended or adjusted under enumerated exceptions. 18 U.S.C. § 3664(o); *see also United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013) (discussing the enumerated exceptions in 18 U.S.C. § 3664(o)). The relevant exception here allows adjustment of the payment schedule in a restitution order if the court is notified by the defendant, Attorney General, or a victim that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). No such showing has been made in this case. Petitioners' request for a payment plan will be denied.

Petitioners next request that the court enter an order (1) prohibiting the government from collecting the remainder of defendant's debt in a manner that harms or embarrasses innocent individuals and (2) protecting petitioners and other innocent parties from undue hardship, burden, or expense. The collection activity in which the government has so far engaged is authorized by statute. *See* 28 U.S.C. § 3205 (allowing the government to pursue garnishment as a postjudgment remedy). Furthermore, petitioners have failed to show that the government's collection methods

10

have thus far harmed or embarrassed innocent individuals or caused undue hardship, burden, or expense. Accordingly, these requests will be denied.

Lastly, pursuant to 28 U.S.C. § 3202(d), petitioners request a hearing on the motion. However, 28 U.S.C. § 3202(d) requires the court to hold a hearing on a motion to quash an order allowing a postjudgment remedy only if such a motion is made by the judgment debtor. Here, the judgment debtor, defendant, has made no such motion. Accordingly, the court is not required to hold a hearing on petitioners' motion to quash. Nonetheless, as noted, the court heard argument on the motion at the 7 November 2017 status conference. A hearing has therefore, in fact, been held and the request for one is, at this point, moot.

## CONCLUSION

For the reasons set forth above, petitioners' motion to quash (D.E. 97) is DENIED in its entirety.

SO ORDERED, this 22nd day of November 2017.

James E. Gates
United States Magistrate Judge