IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:15-CV-00292-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff and Judgment Creditor, | ) |
| v. | ) |
| KURT MICHAEL KROL, | ) |
|     Defendant and Judgment Debtor, | ) |
| v. | ) |
| BRANCH BANKING & TRUST COMPANY, | )    ORDER |
|     Garnishee, | ) |
| UNIVERSAL MANIA, INC. | ) |
|     Garnishee, | ) |
| USAA FEDERAL SAVINGS BANK, | ) |
|     Garnishee, | ) |
| ALL AMERICAN HOMES, INC., | ) |
|     Garnishee. | ) |

This case returns to the court's attention in post-judgment proceedings, including on joint motion of petitioners Regina Krol and Universal Mania, Inc. ("Universal Mania") to quash writs of garnishment, (DE 97), supplemented by petitioners' separate response, joined in by Sims Enterprises, Inc. ("Sims Enterprises") and Singh Harpreet Enterprises, Inc. ("Singh Enterprises"), to amended answer of garnishee Branch Banking & Trust Company ("BB&T") (DE 116). Petitioner Regina Krol's motion to quash writ of garnishment issued against All American Homes, Inc. ("All American Homes") also comes now before the court. (DE 142). An assembly of other, related motions are ripe for decision, too. These include: 1) petitioners' motion for stay of discovery pending resolution of petitioners' motions to quash (DE 150); 3) the government's motion to seal its response in opposition to petitioner's response to BB&T's amended answer (DE 121); and 4) the underlying response itself raising for determination whether accounts on deposit with BB&T should be subject to a restraining order (DE 119).

## STATEMENT OF THE CASE

On December 15, 2015, defendant pleaded guilty, pursuant to plea agreement, to trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a)(1). On May 3, 2017, the court entered a criminal judgment against defendant. The court sentenced defendant to 72 months imprisonment and ordered him to pay $4,214,317.08 in restitution. (DE 55, p. 7,10). The restitution payment was "due in full immediately." (Id. at 10, ¶ F). If, "[h]owever, . . . defendant [was] unable to pay [the restitution] in full immediately," the court's judgment indicates that "the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP)." (Id. at 8). The judgment further provides that "any balance still owed [by defendant] at the time of release shall be paid in installments of $100 per month to begin 60 days after the

2

defendant's release from prison." (Id.). Also on May 3, 2017, the court entered a preliminary order and judgment of forfeiture. (DE 51).

In the preliminary order and judgment of forfeiture, the court found the following property forfeitable pursuant to 18 U.S.C. §§ 2320(c) and 2323(b):

    A.    All counterfeit articles seized, including all parts and accessories;
    B.    Proceeds of $156,932.00 seized from [four] BB&T account[s] . . .;
    C.    Proceeds of $51, 988.00 seized from [two] USAA account[s] . . .;
    D.    201 Forest Creek Drive, Fayetteville, North Carolina, . . . ; and
    E.    179 Oakridge Drive, Raeford, North Carolina, . . . .

(DE 51, p. 1). As such, there are two distinct, but related, post-judgment actions before the court. In addition to issues concerning the government's attempt to collect restitution, also pending are proceedings related to the court's preliminary order of forfeiture (DE 51), and petitioners' objections thereto. (DE 61). Pursuant to 21 U.S.C. § 853(n), Regina Krol, defendant's wife, and Universal Mania, filed petition contesting forfeiture on June 13, 2017. (DE 61). On July 26, 2017, the Cumberland County Tax Collector filed a petition for the court to preserve its tax lien on real property identified in the preliminary order of forfeiture, described as 201 Forest Creek Drive, Fayetteville, North Carolina. (DE 70). The government does not contest the tax lien. (See DE 89). On August 23, 2017, the court consolidated proceedings on the tax lien with proceedings on petitioners' joint petition contesting forfeiture. (DE 61). This court does not address the forfeiture proceeding here, except to the extent of scheduling the dispositive motions deadline.

In an effort to collect restitution, on July 12, 2017, the government filed four applications for writs of garnishment directed to the following: 1) BB&T (DE 63); 2) JP Morgan Chase Bank NA ("JP Morgan") (DE 64); 3) Universal Mania (DE 65); and 4) USAA Federal Savings Bank ("USAA") (DE 66). On July 28, 2017, the court granted the government's writ of garnishment as

to JP Morgan. With regard to the remaining three writs, the court ordered the government to show cause by August 4, 2017, as to why the writs should issue. Following receipt of the government's response, the magistrate judge granted the government's applications for the then remaining writs on August 8, 2017.

Garnishee JP Morgan filed answer August 16, 2018, attesting to no indebtedness due and owing the judgment debtor, (DE 88). Garnishee USAA filed its answer two days later, on August 18, 2018, attesting to control over the sum of $3.55 on deposit in a joint bank account belonging to the judge debtor and his spouse, Regina Krol. Garnishee Universal Mania filed its answer to the writ of garnishment issued to it August 21, 2017, (DE 93), stating through Anthony Krol, its president, that it maintains no interest in any property belonging to the judgment debtor. (DE 93). Finally, garnishee BB&T answered under oath the writ of garnishment issued to it on August 23, 2017. (DE 95).

On August 28, 2017, petitioners filed a joint motion to quash the writs of garnishment as to BB&T, Universal Mania, and USAA. (DE 97). On September 12, 2017, petitioners, together with Sims Enterprises and Singh Enterprises, separately responded to garnishee BB&T's answer. (DE 99). BB&T's answer was amended by it on October 13, 2017 (DE 106). Petitioners, again together with Sims Enterprises and Singh Enterprises, signaled persistent objections to BB&T actions in response to the writ freezing subject accounts. (DE 116). In its amended answer, BB&T attests that it is in control of amounts spread between five accounts as follows:

Financial Accounts

| Account Number (last 4) | Value as of 10/6/17 | Description of Defendant's Interest |
|---|---|---|
| XX3324 | $614.27 | Joint owner with Claudia Stephens |
| XX4169 | $2598.67 *see exemption information | joint owner with Regina Krd |
| XX9052 | $12,369.29 | Singh Harpreet Enterprises Inc - sole signer on Acct |
| XX4134 | $151,293.85 | Sims Enterprises Inc - President on |
| XX6611 | $6.61 | joint owner with Claudia Stephens |

(DE 106, p. 3).

Upon referral, United States Magistrate Judge James E. Gates issued order November 22, 2017, denying petitioners' motion to quash writs of garnishment directed to BB&T, Universal Mania, and USAA. Petitioners timely filed objections to the magistrate judge's rulings, or in the alternative, noticed appeal of his order, (DE 134), to which the judgment creditor responded in opposition. (DE 141). Petitioners contend that the writs should be quashed, in part, because the terms of the payment set forth in defendant's criminal judgment preclude the government from collecting restitution through garnishment. The government maintains that issuance of the writs was, in all respects, proper.

5

On December 1, 2017, the government filed an application for writ of continuing garnishment against All American Homes, Inc. ("All American Homes"). (DE 132). On January 6, 2018, petitioner Regina Krol filed the instant motion to quash the writ of garnishment (DE 142) against All American Homes, which answered January 10, 2018, under oath, that it was in the possession of the following rental funds belonging to the judgment debtor:

Financial Accounts

| Account Number (last 4) | Value | Description of Defendant's Interest |
|---|---|---|
| 179 Oakridge, Raeford, NC 28376 | $1600.00 monthly | monthly rent less 10% fee + any bills. |

(DE 143, p. 3).

Included in petitioner's motion was a list of claimed exemptions and request for hearing, where Regina Krol contends this property is exempt under law from levy, where garnished funds are necessary for the care of her children, to provide fuel and food, and to secure tools of business, among other things. The judgment creditor's opposition was made in filing entered on the record January 11, 2018. (DE 144).

Meanwhile, in the parallel forfeiture proceeding, consent discovery commenced in July 2017, for a period of 180 days, set to conclude January 25, 2018, remained ongoing.[1] On January 18, 2017, petitioners, including Sims Enterprises, Singh Enterprises, Universal Mania, and Regina Krol, filed motion to stay discovery pending resolution of the motions to quash, (DE 150), which motion

---

[1] Filings of record refer to a modest, consented-to extension of this deadline.

the judgment creditor opposed. (DE 152). In its opposition filing, the government described discovery ongoing on two fronts, where discovery on restitution necessarily was intertwined with that on forfeiture. The government noted petitioners' motion's focus is solely on the part of discovery directed to restitution.

On February 8, 2018, the parties made joint report to the court wherein they indicated consent to extend the deadline for written discovery on forfeiture to February 26, 2018, and the deadline to complete any remaining deposition until February 28, 2018.[2] (DE 153). The parties also requested deadline of April 30, 2018, to file any dispositive motion on forfeiture.

On February 26, 2018, petitioner Regina Krol sought protective order prohibiting the government from taking her deposition, scheduled for March 1, 2018. (DE 154). Petitioner argued that the court should preclude the government from taking her deposition where the government failed to follow certain court orders and federal rules governing discovery. Finding no good cause existed to prohibit or otherwise delay the scheduled deposition, the court denied petitioner's by text order dated March 1, 2018.

## DISCUSSION

A.   Motions to Quash Writs of Garnishment

   1.   Standard of Review

The court must first determine the appropriate standard of review. Generally, a district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b). Upon timely objection by a party, the court must modify or set aside any part of a magistrate judge's order that is "clearly

---

[2] Due to scheduling conflicts, the parties extended the deposition of petitioner Regina Krol to March 1, 2018.

erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); see also Local Civil Rule 72.4(a). "A factual finding is clearly erroneous when [the court is] 'left with the definite and firm conviction that a mistake has been committed.' " TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Petitioners seek to avoid this deferential standard of review. They argue that the magistrate judge's order has the effect of disposing of their defenses to garnishment. Accordingly, petitioners contend that the court should construe the magistrate judge's order as a memorandum and recommendation ("M&R") under 28 U.S.C. § 636(b), and review *de novo* those portions of the M&R properly objected to. See Fed. R. Civ. P. 72(b) (providing for *de novo* review of a party's objections to a magistrate judge's order on a dispositive motion).

Where the magistrate judge's ruling with respect to the petitioners' motion to quash disposes of petitioners' defenses to garnishment, the court construes the magistrate judge's order as an M&R, issued pursuant to 28 U.S.C. § 636(b) and Rule 72(b). See e.g., United States ex rel. Bunk v. Gosselin Worldwide Moving, N.V., No. 1:02-CV-1168 (AJT/MSN), 2017 WL 4476846, at *3 (E.D. Va. Aug. 22, 2017) (reviewing a magistrate judge's order on the garnishee's motion to quash writ of continuing non-wage garnishment" *de novo* because [the garnishee's] objections involve[d] dispositive defenses."); United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (construing a magistrate judge's order granting the government's application for writ of garnishment as an M&R issued pursuant to 28 U.S.C. § 636(b) and Rule 72(b), where the order disposed of the defendant's defenses to garnishment); and United States v. Burt, No. 09-MC-51117, 2010 WL 3475909, at *1-*2 (E.D. Mich. Sept. 2, 2010) (reviewing magistrate judge's order denying defendant's objections and motion to quash the writ pursuant to 28 U.S.C. § 636(b)(1)(C)).

8

Under 28 U.S.C. § 636(b), a magistrate judge may "conduct hearings . . . and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, . . . of any [dispositive] motion." § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court reviews de novo those portions of the M&R to which specific objections are made. Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2. Analysis

The Mandatory Victim Restitution Act ("MVRA") allows the United States to "enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or state law." 18 U.S.C. § 3613(a). Under the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001 et seq., the United States may obtain a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Co-owned property . . . [is] subject to garnishment to the same extent as co-owned property to the same extent as co-owned property is subject to garnishment under the law of the

9

[s]tate in which such property is located." 28 U.S.C. § 3205(a).

    In an application for a writ of garnishment, the United States must include:

(A) the judgment debtor's name, social security number (if known), and last known address;
(B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due; and
(C) that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest.

Id. § 3205(b). The writ itself should state,

(A) The nature and amount of the debt, and any cost and interest owed with respect to the debt.
(B) The name and address of the garnishee.
(C) The name and address of counsel for the United States.
(D) The last known address of the judgment debtor.
(E) That the garnishee shall answer the writ within 10 days of service of the writ.
(F) That the garnishee shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court.

Id. § 3205(c)(2). Upon service of the writ by the United States to the garnishee and the judgment debtor, the garnishee is required to submit written answer to the writ. Id. §§ 3205(c)(3) and (c)(4). Following submission of written answer by the garnishee, "the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." Id. § 3205(c)(5). The court has discretion over garnishment procedures available under the FCDPA and may enter an order "limiting, conditioning, regulating, extending, or modifying the use of [such] enforcement procedures." Id. § 3013.

    a.    Petitioners' objections to the magistrate judge's November 22, 2017, order

    Petitioners first object to the magistrate judge's finding that the terms of the payment set

forth in defendant's criminal judgment does not bar the government from obtaining writs of garnishment to collect defendant's restitution judgment.

Relying on United States v. Dawkins, 202 F.3d 711 (4th Cir. 2000), petitioners argue that the government may not collect restitution through garnishment because such collection procedure exceeds the terms of the payment set forth in defendant's criminal judgment. In Dawkins, the district court ordered the defendant "to pay restitution in the full amount of the loss and a special $200 assessment," both of which "were immediately due and payable in full." (Id. at 715). The restitution order further provided that "[i]f the defendant [was] unable to pay the special assessment and the restitution owed immediately," the defendant could pay "the special assessment . . . through the Inmate Financial Responsibility Program, and [could pay] the restitution in installments of $200.00 per month to begin 60 days [following] [his] . . . release from prison." Id.

On appeal, defendant in Dawkins argued that the district court failed to "satisfy its statutory obligation to specify the manner and schedule by which he was to pay restitution because the court ordered the entire restitution amount immediately due." Id. at 716. The United States Court of Appeals for the Fourth Circuit held that the district court "effectively discharged" its statutory obligations by "instruct[ing] that if [the defendant] were unable to pay the full restitution amount immediately, he could pay $200 per month beginning 60 days after his release." Id.

Here, unlike the defendant in Dawkins, petitioners do not argue that the court failed to "satisfy its statutory obligation to specify the manner and schedule by which he was to pay restitution." Id. at 716. Rather, petitioners argue that the terms of payment preclude the government from collecting restitution through garnishment.

In the instant case, the court ordered defendant to pay a special assessment of $100.00 and

restitution totaling $4,214,371.08. (DE 55, p. 7). Defendant's restitution is "due and payable in full immediately." (DE 55, p. 8). Defendant's judgment provides,

> if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. . . . [A]ny balance still owed at the time of [defendant's] release [from prison] shall be paid in installments of $100 per month to begin 60 days after the defendant's release from prison.

(Id.). Petitioners contend that because defendant's presentence report evidences his inability to pay immediately the full amount of restitution, the restitution order's payment terms only authorize the government to collect installment payments from defendant upon his release from prison.

Contrary to petitioners' contention, allowing the government to collect defendant's restitution judgment through garnishment does not violate the court's payment plan. The court ordered restitution "due and payable in full immediately." (DE 55, p. 8). It need not matter that defendant is permitted to make periodic payments through the IFRP and/or monthly installment payments on any remaining balance after his release from prison. See United States v. Hill, No. 4:13-CR-28-BR, 2017 WL 2964016, at * 2 (E.D.N.C. May 24, 2017) (citing United States v. Blondeau, No. 5:09-CR-00117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) ("The fact that the Court allowed any remaining balance owed to be paid over time through the [IFRP] and post-release, through installments of $200.00 per month, does not preclude the government from immediately collecting restitution from non-exempt assets.")). For these reasons, where the magistrate judge's analysis on this point is thorough and correct, the court adopts as its own the magistrate judge's findings and overrules petitioners' first objection.

Petitioners object to the magistrate judge's finding that they lack standing to challenge the restitution order. Petitioners maintain that they do not challenge the restitution order, but rather only

"contest the legality of the [g]overnment's collection action." (DE 134, p 22).

As interested nonparties, petitioners have a right to participate in the collection proceeding. See e.g., United States v. Kollintzas, 501 F.3d 796, 801 (7th Cir. 2007). However, petitioners may only participate in the collection proceeding "for the purpose of *asserting their interest* in the property" subject to the government's writs of garnishment. Id. (emphasis added). To the extent petitioners contend that garnishment violates the terms of payment contained in defendant's criminal judgment, petitioners do not participate in the collection proceeding for the purpose of asserting their interest in the garnished property, and therefore lack standing to raise such objection. However, to the extent petitioners assert that they have an ownership interest in property subject to the government's writ, petitioners do have standing to participate in the collection proceeding. See id. Therefore, the court overrules in part and sustains in part petitioners' objection on this basis.

Petitioners contend that due process entitles them to expedited hearing on this matter. The magistrate judge concluded that petitioners' request for hearing was moot, where the court heard argument on petitioners' joint motion to quash at status conference held November 7, 2017. Where the magistrate judge's analysis on this point is thorough and correct, the court adopts as its own the magistrate judge's finding that hearing on petitioners' joint motion is not warranted under the present circumstances.

Petitioners also object to the magistrate judge's finding that they failed to present sufficient evidence to rebut the presumption in North Carolina " 'that all funds in a joint bank account belong to the debtor.' " (DE 126, p. 4) (citing In re Anderson, No. 03-13586C-7G, 2006 WL 995856, at *5 (Bankr. M.D.N.C. Feb. 13, 2006)). Petitioners contend that the magistrate judge's ruling on this issue is premature since the government and petitioners Regina Krol, Universal Mania, Sims

13

Enterprises, and Singh Enterprises all agree that further discovery on the issue is necessary. (See DE 134-1, p. 2; DE 134-2, p. 2). Where the parties agree that further discovery is necessary prior to resolution of petitioners' objections that certain property to be garnished is not property of the judgment debtor and the judgment debtor is not the "equitable owner" of any property owned jointly by the judgment debtor and petitioner, (DE 91, p. 1), the court defers ruling on these objections to a later date, should they be timely renewed. Where time for discovery on restitution, as extended, now has expired, petitioners shall have until April 30, 2018, to raise up for decision these specific objections, supplemented by discovery. Any response by the government is due within seven days thereof.

    b.  Petitioner Regina Krol's motion to quash (DE 132)

Petitioner moves to quash the government's writ of garnishment issued against All American Homes. As relevant to this motion, the government filed application for writ of continuing garnishment against All American Homes on December 1, 2017. The writ allows the government to garnish:

> 25% of the defendant's earnings which remain after all deductions required by law have been withheld and/or 100% of any other monies owed to the defendant[,] . . . . includ[ing], but not limited to, half of all rental income for any property in which [d]efendant has an interest, including the real property located at 179 Oakridge Drive in Raeford, North Carolina . . . not to exceed the outstanding balance of the debt.

(DE 132, p. 1).[3]

Petitioner claims that the writ of garnishment should be quashed for four reasons: 1) the garnished funds fall within certain exemptions enumerated in 26 U.S.C. §§ 6334(a)(1)–(3); 2) the

---

[3] On January 11, 2018, the parties filed jointly a motion for entry of consent order requiring All American Homes to release half of all rental income that has been withheld pursuant to the writ of garnishment issued to it (DE 132), and to withhold only half of all rental income received in the future. (DE 148). The court granted the parties' motion on April 10, 2018. (DE 156).

government lacks statutory authority to enforce the restitution judgment through garnishment; 3) garnishment is improper under the court's preliminary order of forfeiture; and 4) defendant's alleged fraudulent transfer does not provide a basis for the government to collect restitution through garnishment.

With respect to petitioner's claimed exemptions, under the MVRA, "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), [and] (3), . . . of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment [imposing restitution] under [f]ederal law." 18 U.S.C. § 3613(a)(1). A "Claim for Exemptions" form is served with the writ of garnishment. (DE 126, p. 7, n.4). The Claim for Exemptions form "allows a defendant to assert that property sought by [a] writ is exempt [from garnishment]." (Id.) (citing 18 U.S.C. § 3613).

Petitioner claims that property subject to the government's writ of garnishment issued against All American Homes is exempt from enforcement of the judgment imposing restitution because the property is exempt from levy for taxes pursuant to 26 U.S.C. §§ 6334(a)(1), (2), and (3). Contrary to petitioner's suggestion, the exemptions enumerated in 18 U.S.C. § 3613(a) are only available to the criminal debtor. See United States v. Wilson, No. 3:09-CR-00161-FDW, 2015 WL 3633644, at *4 (W.D.N.C. June 10, 2015) (citing United States v. James, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004)) ("The plain language of [18 U.S.C. § 3613(a)] makes it clear that . . . exemptions for the criminal debtor owing restitution are set out in the referenced provisions of 26 U.S.C. § 6334(a) of the Internal Revenue Code.). Defendant has not objected to the garnishment or claimed any exemptions. Where exemptions enumerated in 18 U.S.C. § 3613(a) are only available to the "criminal debtor owing restitution," petitioner lacks standing to assert exemptions in the instant case. See Wilson, 2015 WL 3633644, at *4.

15

Notwithstanding the foregoing, the claimed exemptions are inapplicable. Petitioner claims exemptions on the basis that the "garnished funds are necessary for the care of her children, including for wearing apparel and school books, . . . [and] the provision of fuel, food, and personal effects." (DE 142, p. 1). "Although certain property may be exempt [from levy under 26 U.S.C. § 6334(a). . . cash is generally not considered exempt." United States v. Busack, No. 5:14-CR-54, 2016 WL 3039886, at *2 (N.D.W. Va. May 27, 2016), *aff'd*, 670 F. App'x 810 (4th Cir. 2016) (citing 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(1)– (10)); see also United States v. Holcomb, No. 08-20003-JWL, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) ("[T]he exemptions set forth in § 6334(a)(1–3) apply to a person's tangible assets, not to money that may be used to purchase such tangible items."). For this reason, even if petitioner has standing to assert exemptions, the claimed exemptions do not apply here.

Second, petitioner contends that the writ of garnishment against All American Homes exceeds the government's statutory authority under the MVRA and FDCPA. More specifically, petitioner argues that the terms of payment set forth in defendant's criminal judgment preclude the government from collecting restitution through garnishment.

As previously discussed with respect to petitioners' joint motion to quash, the government's enforcement of defendant's restitution judgment through garnishment does not violate the restitution order's payment terms. The court ordered restitution "due and payable in full immediately." (DE 55, p. 8). It is of no effect that defendant may make periodic payments through the IFRP and/or monthly installment payments on any balance remaining at the time of his release from prison. See Hill, 2017 WL 2964016, at *4 (citing Blondeau, 2011 WL 6000499, at *4 ("The fact that the Court allowed any remaining balance owed to be paid over time through the [IFRP] and post-release

16

through installments of $200.00 per month, does not preclude the government from immediately collecting restitution from non-exempt assets.")). Accordingly, the government may collect restitution through garnishment.

Third, petitioner claims that the writ of garnishment against All American Homes is improper under the court's preliminary order of forfeiture. Specifically, petitioner asserts that government's application for writ of garnishment against All American Homes fails to list the amount owed pursuant to forfeiture. Here, pursuant to 28 U.S.C. § 32015(b), the government filed application for writ of garnishment against All American Homes, which states in pertinent part:

> On or around November 30, 2007, [d]efendant and his wife, Regina Krol purchased the property located at 179 Oakridge Drive in Raeford, North Carolina 28376 ("Oakridge Property"). . . . Upon information and belief, the Oakridge Property is being rented to a third party. Pursuant to the [c]ourt's preliminary order of forfeiture and the court's order of restitution, the United States is entitled to [d]efendant's interest in the rental income. Upon information and belief, that amount [is] half of the rental income.

(DE 123, p. 3–4). The application indicates that defendant owes $ 4,214,371.08 in restitution and has forfeited his interest in the Oakridge Property. (Id. at 2–3). The application further provides that "[d]emand for payment of [the aforementioned debts] was made upon [d]efendnat not less than thirty (30) days from the date of th[e] application . . . [and] [d]efendant has failed to satisfy the debt." (Id. at 3). Where the government's application for writ comports with 28 U.S.C. § 32015(b), the court overrules petitioner's objection on this basis.

Fourth, petitioner contends that the government's arguments related to fraudulent transfer fail because "there is no current debt owed to the [g]overnment by the [d]efendant." (DE 142, p. 6). However, as previously mentioned, the government's application for writ of garnishment states that defendant owes the government $ 4,214,371.08 in restitution. Accordingly, defendant is currently

indebted to the government. Therefore, the court overrules petitioner's final objection.

Lastly, petitioner maintains that she is entitled to hearing on the foregoing issues. However, 28 U.S.C. § 3205(c)(5) only entitles the judgment debtor or the United States to hearing. Although petitioner may participate in the collection proceeding, see e.g., United States v. Kollintzas, 501 F.3d 796, 801 (7th Cir. 2007), such right to participate does not necessarily allow petitioner to avail herself of all statutory rights available to defendant.

To the extent petitioner argues that she is entitled to hearing under the Due Process Clause of the Fifth Amendment to the United States Constitution, the FDCPA allows petitioner to participate in the collection proceedings "for the purpose of asserting [her] interest in the property [subject to garnishment]." Kollintzas, 501 F.3d at 801. In accordance with 28 U.S.C. §§ 3004(c), 3202(c) and 3205, petitioner was given notice of the garnishment proceeding and provided an opportunity to object. The court has carefully considered petitioner's arguments and finds no basis to quash the writ of garnishment issued to All American Homes. Accordingly, the court denies petitioner's request for hearing. See United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993) (indicating that the Due Process Clause of the Fifth Amendment entitles "individuals . . . [to] notice and an opportunity to be heard before the [g]overnment deprives them of property.").

B.   Forfeiture

As noted, the period of time for discovery on forfeiture has now expired. In their February 8, 2018, joint report, the parties requested the court permit them until April 30, 2018, within which to file dispositive motions. Unless good cause be shown in five days' time why that date should not now control, the court adopts April 30, 2018, as the deadline for motions.

## CONCLUSION

For reasons given, as set forth above, the court's rulings are as follows:

1. The court ADOPTS in part the magistrate judge's recommendation that the court deny petitioners' joint motion to quash (DE 97), supplement by response to BB&T's amended answer. (DE 116).

   a. Where the government and petitioners Regina Krol, Universal Mania, Sims Enterprises, and Singh Enterprises all agree that further discovery is necessary prior to resolution of petitioners' objections that certain property to be garnished is not property of the judgment debtor and the judgment debtor is not the "equitable owner" of any property owned jointly by the judgment debtor and petitioner, the court defers ruling on these objections, should they be timely renewed.

   b. Where time for discovery on restitution has expired, petitioners shall have until April 30, 2018, to raise up for decision these specific objections, supplemented by discovery.

   c. Any response by the government is due within seven days.

2. With regard to the government's response in opposition to petitioners' response to BB&T's amended answer, (DE 119), to the extent the government seeks entry of a restraining order prohibiting dissipation of funds from certain BB&T accounts, where the court is not ordering release at this time of funds from these accounts, that request is DENIED;

3. Good cause having been shown, the government's motion to seal is ALLOWED. (DE 121).

4. The court DENIES petitioner Regina Krol's motion to quash writ of garnishment issued against All American Homes, Inc. (DE 142).

5. Where this order resolves petitioners' motions to quash subject writs of garnishment, the

court DENIES AS MOOT petitioners' motion to stay discovery. (DE 150).

6. Where time for discovery on forfeiture has expired, the court DIRECTS the parties to file any dispositive motion of or relating to issue(s) on forfeiture also by April 30, 2018, unless good cause be shown within five days why some other deadline is appropriate.

SO ORDERED, this the 16th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge